(No. 5154— )

WILSON JAMISON, for the use of COUNTRY MUTUAL INSURANCE COMPANY, A Corporation, and WILSON JAMISON, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1967.*

MASSEY, ANDERSON AND GIBSON, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

DOVE, J.

This claim arises from an accident, which occurred approximately two miles south of Paris, Edgar County, Illinois, at 2:00 P.M. on March 26, 1962. Claimant, Wilson Jamison, was traveling south on Route No. 1 in a 1958 Dodge, which he had previously bought as a used truck,

with a load of feed. When about twenty feet from a depression on the west half of Route No. 1 the pavement suddenly collapsed leaving an eight by ten foot hole, which varied in depth from four to seven feet. Claimant was unable to to avoid the cavity. The left side of the truck dropped into, and then bounced out of the hole. The resulting damages amounted to $825.56, which claimant now seeks to recover in this action.

Illinois Route No. 1 in Edgar County was constructed about 1920 by the State of Illinois, and has been maintained by the State since that time. The evidence discloses that the roadway at the point of the collapse was of concrete, and was covered with blacktop. There were earthen shoulders on each side, and under the roadway at a point about three to six feet south of the collapsed area there was a concrete box culvert, which was utilized to carry water from the west to the east under the roadway. The evidence further shows that there had been a rough spot at the point of the collapse for about two years previously, which would frequently sink down, and then would be built up again by the State.

George Bales, then a maintenance section man for the Highway Department, testified that he had repaired this particular portion of the highway twice in the month prior to the accident. A blacktop fill of about one inch in thickness had been spread over the depressed area a month before the accident, and, on March 22, 1962, four days before the accident, because of the increased sinking of the pavement, a new application of blacktop premix was added to the surface of the highway.

On the date in question, one of the State employees involved in the refill passed over this particular area, and noticed that the place felt like it was sinking. At

noon he called his superior, George Bales, and together they again inspected the site of the depression. They were unable to determine the cause of the sinking, and, after reporting the difficulty to the Highway Maintenance Department, both left the area to go to other sites. No repairs were made, nor were signs or barricades erected to warn the traveling public of the dangerous condition of the pavement in this particular area.

The evidence discloses that following the accident a State crew was called to the scene, and found that the west half of the pavement at this point was completely undermined. After the concrete was removed, the cavity was found to be up to seven or eight feet in depth at various points. Near the bottom was a broken drain tile, which crossed the roadway from west to east. The existence of this tile did not appear on the Highway Department's plat, and apparently antedated the original pavement. Its outlet was located in a ditch or stream down the slope from the highway, and about a hundred feet from the undermined area.

To recover in cases of this kind, it is a prerequisite that claimant prove: (1) freedom from contributory negligence; (2) negligence of respondent, which was the proximate cause of the accident; and, (3) injuries or damages as the result thereof.

Wilson Jamison, claimant, testified that he knew of the bump in the highway, and that, because of this knowledge, he had decided to "take it easy" when he approached the site of the accident, so as not to jar his truck too much. No warning signs or barricades were in evidence, so that claimant was unaware of the further deterioration of the pavement. Claimant stated that he was traveling around thirty-five miles per hour at the

time, and that, when he was about twenty feet from the area, the pavement collapsed. He was unable to stop, and the truck dropped into the hole.

In the case of *Jack M. Visco, Et Al,* vs. *State of Illinois,* 21 C.C.R. 480, the Court held:

"There cannot be any hard or fast rule in determining when it can be said that the State had 'constructive notice' of a dangerous condition, and each case must be decided on its own particular facts. In the instant case, the enormous size of the hole, and the fact that it had existed for at least a week, leads us to the conclusion that the State had constructive knowledge of the dangerous condition, and failed to either repair, or erect warning signs."

In arriving at an award for injuries sustained in an accident where the Highway Department had removed a portion of the pavement in the case of *Grover C. Henderson* vs. *State of Illinois,* 24 C.C.R. 35, the Court stated:

"We are familiar with the fact that the State of Illinois is not an insurer of all persons who travel upon its highways. However, the State is bound to maintain its highways in such a condition that the public can travel upon them with a degree of safety. Respondent is required to protect and warn the traveling public when any major improvements are being made, such as removing portions of the surface of highways, and should erect warning signs, flares, and use any and all devices to warn the traveling public of the repair work going on, or provide a detour, which would be safe for the public to drive on."

In the instant case, this Court is of the opinion that, since the State was aware of the problem in maintaining this particular portion of the highway for a period of at least two years prior to this accident, had repaired the road twice in the month prior to the date in question, this was sufficient notice. We are further of the opinion that a reasonable person, under the circumstances, would have concluded that this was not a normal defect in the roadway, and would have taken the necessary steps to determine its cause.

It is further the opinion of this Court that respondent

was negligent in its actions on the day in question. As previously pointed out, only two hours before this occurrence, two employees of the Highway Department visited the site, and were fully aware that the pavement was sinking at that time. Barricades or other warning devices should have been installed by them to warn approaching drivers of the dangerous condition of the pavement. This they failed to do.

It is, therefore, the opinion of this Court that respondent was negligent in its maintenance of this portion of Route No. 1, that claimant was free from contributory negligence, and is entitled to an award.

In arriving at an award, it is to be noted that the Country Mutual Insurance Company was included as a claimant in this action because of its interest by way of subrogation in a portion of the damages to the truck. Claimant's exhibit No. 1 was introduced in evidence. It reflects a total charge of $794.89 for repairs to the truck, and, in addition, a charge of $51.12 for replacement of a tire. It was stipulated by the parties, however, that the correct amount for the latter item should be $30.67.

Claimants are, therefore, hereby awarded the total sum of $825.56 to be paid as follows:

Wilson Jamison .........................$100.00

Country Mutual Insurance Company, A
 Corporation, as subrogee .............. 725.56